IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LEAH WEISEL,

    Plaintiff,

vs.                                  Civil Cause No. _____

JAMIE McCLAIN and
WERNER ENTERPRISES, INC.,

## NOTICE OF REMOVAL TO THE
## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

      COMES NOW Defendant Werner Enterprises, Inc., by and through its attorneys, BUTT THORNTON & BAEHR PC (Raúl P. Sedillo and Fernando C. Palomares), and pursuant to 28 U.S.C. §1441(b) hereby file their Notice of Removal respectfully petitioning the Court for the affirmation of removal of this action from the Seventh Judicial District Court of Torrance County, State of New Mexico, to the United States District Court for the District of New Mexico on the following grounds:

      1.      Plaintiff Leah Weisel filed this civil action against Defendant Werner Enterprises, Inc. in the Seventh Judicial District Court, County of Torrance, State of New Mexico, Case No. D-722-CV-2018-00169 on August 27, 2018.

      2.      At the time of the filing of this matter, there was no basis for removal due to lack of information related to the required amount in controversy under 28 U.S.C. § 1332(a).

      3.      Pursuant to D.N.M. LR-CIV 81.1, a copy of the Complaint, along with copies of all records and proceedings are attached hereto as **Exhibit A**.

4. Plaintiff Leah Weisel is a resident of the County of Passaic, State of New Jersey and therefore a citizen of the State of New Jersey for diversity purposes. [Complaint at ¶1].

5. Defendant Werner Enterprises, Inc. is a foreign corporation, incorporated in the State of Nebraska with its principal place of business in the State of Nebraska, thus Werner Enterprises, Inc. is a citizen of the state of Nebraska for diversity purposes.

6. Defendant Werner Enterprises, Inc. was served with the Complaint in this matter on September 4, 2018.

7. Defendant Jamie McClain resides in the County of Hillsborough, State of Florida and therefore a citizen of State of Florida for diversity purposes.

8. Defendant Jamie McClain has not been served with the Complaint in this matter.

9. There is complete diversity between Plaintiff and the Defendants.

10. On January 10, 2019, Plaintiff Leah Weisel filed a Motion to Stay and Status Report, informing the Seventh Judicial District Court for the State of New Mexico that Plaintiff Leah Weisel and Defendant Werner Enterprises, Inc. agreed to engage in settlement negotiations and an extension for Defendant Werner Enterprises, Inc. to file an Answer to the Complaint. "In order to engage in settlement negotiations while conserving judicial and litigation resources, Plaintiff Leah Weisel and Defendant Werner Enterprises, Inc. stipulated to an extension for Defendant Werner Enterprises, Inc. to file an Answer to Plaintiff's Complaint for Personal Injuries and Property Damages." [Motion for Stay and Status Report, provided in **Exhibit A**.]

11. The Complaint, pursuant to the New Mexico Rules of Civil Procedure, contains no allegation for damages in a specific monetary amount. The Complaint alleges five counts against the named Defendants, including (1) Duty of Ordinary Care against Defendant McClain; (2) Negligence Per Se against Defendant McClain; (3) Agency, Vicarious Liability, *Respondeat*

*Superior*; (4) Negligent Entrustment; and (5) Failure to Train and Supervise. [Complaint at ¶¶17-38].

12.     Plaintiff Leah Weisel's claims purportedly arise out of a motor vehicle accident that occurred on September 4, 2015, while she was traveling east on I-40. [Complaint at ¶8.]

13.     Plaintiff Leah Weisel alleges as a result of the motor vehicle accident she suffered personal injuries which have resulted in medical and psychological expenses, emotional pain and suffering, physical pain and suffering, temporary and possible physical impairment, loss of enjoyment of life, non-medical expenses and other damages. [Complaint at ¶ 40.]

14.     Plaintiff Leah Weisel alleges as a result of the motor vehicle accident, her 2005 Honda Element was damaged beyond reasonable repair, resulting in the total loss of the value of the vehicle as well as temporary loss of use damages. [Complaint at ¶ 41.]

15.     Plaintiff Leah Weisel alleges as a result of the motor vehicle accident, the U-Haul trailer towed by Plaintiff Leah Weisel and the property contained within the U-Haul trailer were damaged beyond reasonable repair, resulting in the total loss of the value of property. [Complaint at ¶ 42.]

16.     Plaintiff Legal Weisel alleges as a result of the motor vehicle accident her service dogs were severely injured and due to the severity of the their injuries were deemed unable to do work or perform tasks for Plaintiff Leah Weisel, resulting in property damages as well as significant emotional distress, loss of her own household and social services, temporary loss of her ability to move around freely and independently, loss of enjoyment of life, and monetary damages. [Complaint at ¶ 43.]

17.     These allegations alone were not sufficient to meet the requirement of a matter in controversy in excess of $75,000.00 as set forth in 28 U.S.C. § 1332(a).

18. On March 1, 2019, Plaintiff Leah Weisel, for the first time, provided Defendant Werner Enterprises, Inc. a summary of alleged damages well in excess of $75,000.00.

19. Although Defendant Werner Enterprises, Inc. does not admit that Plaintiff Leah Weisel has been damaged by their acts or omissions, based on Plaintiff Leah Weisel's summary of alleged damages, the amount in controversy in this matter exceeds $75,000.00 in value exclusive of interest and costs.

20. The United States District Court, therefore, has original jurisdiction over the Summons and Complaint under 28 U.S.C. § 1332(a) as the matter in controversy exceeds $75,000.00 in value, exclusive of interest and costs, and this action is between citizens of different states. Diversity jurisdiction has existed from the time the Plaintiff Leah Weisel provided her summary of alleged damages to Defendant Werner Enterprises, Inc. through the time of the filing of this Petition as this was the first pleading or paper from which it could be ascertained that the matter had become removable. 28 U.S.C § 1446(b)(3).

21. Because this Court has original jurisdiction over this action under 28 U.S.C. § 1332(a), this action is removable pursuant to 28 U.S.C. §§ 1441(a).

22. The state court in which this action was commenced is within this Court's district. Venue is therefore proper under 28 U.S.C. §§ 111 and 1441(a).

23. The Notice of Removal was filed with this Court within thirty (30) days after Plaintiff Leah Weisel provided Defendant Werner Enterprises, Inc. her summary of alleged damages.

24. Defendant Werner Enterprises, Inc., immediately upon the filing of this original Notice of Removal, gave written notice of the filing as required by 28 U.S.C. §1446 (d) and filed

a copy thereof with the Clerk of the Seventh District Court, County of Torrance, State of New Mexico, the Court from which this action is removed.

25. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11.

WHEREFORE, Defendant Werner Enterprises, Inc. request that the above-entitled action remain in this United States District Court for the District of New Mexico.

Respectfully Submitted,

BUTT THORNTON & BAEHR PC

/s/ *Fernando C. Palomares*
Raúl P. Sedillo
Fernando C. Palomares
PO Box 3170
Albuquerque, NM  87190-3170
Telephone:    (505) 884-0777
rpsedillo@btblaw.com
fcpalomares@btblaw.com
*Attorneys for Werner Enterprises Inc.*